1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

9  DONALD ROBIN BARREN,

10          Plaintiff,                                    Case No. 2:13-cv-01492-RCJ-GWF

11  vs.                                                   **ORDER**

12  PHILIP J. KOHN, et al.,

13          Defendants.

14

15          The court directed plaintiff to pay an initial partial filing fee, and then to pay the rest of the

16  filing fee in monthly installments that the Nevada Department of Corrections would withdraw

17  automatically from his inmate account.  Plaintiff then paid the filing fee in full (#7).  Plaintiff now

18  has submitted an ex parte motion to direct the Nevada Department of Corrections to cease

19  withdrawals from his account (#8).  The court will grant that motion and also direct any

20  overpayments be refunded to plaintiff.

21          Plaintiff has filed a motion for leave of court to file a longer than usual complaint (#2).  The

22  court grants this motion.

23          The court has reviewed the complaint, and the court will dismiss this action.  When a

24  "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity,"

25  the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint,

26  if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be

27  granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C.

28  § 1915A(b).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

complaint for failure to state a claim upon which relief can be granted.  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

The complaint contains ten counts.  Counts 1 through 8 concern criminal proceedings.  Plaintiff challenged the same judgment of conviction in Barren v. Skolnik, 2:09-cv-01202-RLH-VCF.  This court denied the petition.

Counts 1 through 8 all suffer from the same defect.  In count 1, plaintiff claims that the filing of a notice of habitual criminality after the jury's verdict was improper, and counsel provided ineffective assistance by not informing plaintiff of that possibility before plaintiff was allowed to represent himself at trial.  In count 2, plaintiff claims that a conflict of interest was created when JoNell Thomas, who was representing plaintiff, accepted employment with the Clark County Public Defender.  In count 3, plaintiff claims that a piece of evidence, a brown leather jacket, was destroyed by the custodian of the evidence vault.  In count 4, plaintiff claims that defense counsel, the prosecutor, the judge, and the court reporter conspired to omit critical information from the trial transcript.  In count 5, plaintiff claims that he was charged with more crimes than necessary to coerce him to plead guilty.  In count 6, plaintiff claims that defense counsel, the prosecutor, and the victim conspired to introduce fraudulent evidence.  In count 7, plaintiff claims that an insurance

1  company and the victim conspired to withhold evidence of a weapon's serial number.  In count 8,

2  plaintiff claims that extradition procedures were violated.

3         Plaintiff argues unpersuasively that he is not challenging the validity of his judgment of

4  conviction.  He seeks monetary damages for counts 1 through 8.[1]  Success on any of those counts

5  necessarily would imply the invalidity of his judgment of conviction.  "[T]o recover damages for

6  allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

7  unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

8  conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

9  invalid by a state tribunal authorized to make such determination, or called into question by a

10  federal court's issuance of a writ of habeas corpus."  Heck v. Humphrey, 512 U.S. 477, 486-87

11  (1994).  The court makes no comment whether any such efforts would be procedurally barred at this

12  point.[2]

13         In count 9, plaintiff claims that defendant Neven, the warden of the prison, and a John Doe

14  correctional officer kept him from accessing the prison's law library after the court denied his

15  habeas corpus petition in Barren v. Skolnik, 2:09-cv-01202-RLH-VCF.  This count fails to state a

16  claim for two reasons.  First, the court already considered and rejected these claims in Barren v.

17  Skolnik, in the context of a motion seeking leave to file a late appeal from the denial of that habeas

18  corpus petition.  Plaintiff cannot now challenge that decision in a separate civil rights action.

19  Second, the relief that he seeks for count 9 is reinstatement of Barren v. Skolnik.  That is an action

20  that the court can grant only through a motion filed in that proceeding.  As with counts 1 through 8,

21  the court makes no comment about whether such a motion would be procedurally barred.

22         In count 10, plaintiff alleges that defendants Nash, Calderwood, Fierro, and Neven, who are

23  all prison officials, moved plaintiff from unit to unit five times and placed him in a less privileged

24

25

26  _____

[1]Plaintiff also appears to seek monetary damages for count 10.  For count 9, he seeks reinstatement of his habeas corpus petition.

27

28  [2]Not only are these claims barred by Heck, but the court has already determined in the habeas corpus petition that most of these claims lacked merit or were procedurally defaulted.  Only counts 2 and 5 appear to not have been addressed in the habeas corpus petition.

classification from June 15, 2011, through September 2011.  Plaintiff further alleges that this was

retaliation for his litigation in Barren v. Skolnik.

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citation omitted).  The

court has reviewed the docket in Barren v. Skolnik.  The only litigation pending at that time in that

action was an interlocutory appeal.  The appeal was from an order of this court that denied plaintiff

leave to amend the petition to include a ground that he already had abandoned and also denied

plaintiff's motions for an evidentiary hearing and for a transcript of an oral argument.  The court of

appeals dismissed the appeal because it lacked jurisdiction.  There were no motions pending, nor

were there any deadlines that the defendants could have tried to circumvent by moving plaintiff

around; the petition was ready for a determination on the merits.  Plaintiff has not, and cannot,

allege facts that would make out a plausible claim of retaliation.

Plaintiff has submitted a nunc pro tunc request (#5), in which he seeks to provide additional

information about some defendants.  This request is moot because the court is dismissing the action.

IT IS THEREFORE ORDERED that plaintiff's ex parte motion to direct the Nevada

Department of Corrections to cease withdrawals from his account (#8) is **GRANTED**.  The clerk of

the court shall send copies of this order to the finance division of the clerk's office and to the Chief

of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV

89702.  The clerk of the court shall refund to plaintiff any overpayments.  The Nevada Department

of Corrections shall cease garnishments of plaintiff's inmate account for payment of the filing fee, if

the Nevada Department of Corrections already has not done so.

IT IS FURTHER ORDERED that plaintiff's motion for leave of court to file a longer than

usual complaint (#2) is **GRANTED**.  The clerk of the court shall file the complaint.

IT IS FURTHER ORDERED that plaintiff's nunc pro tunc request (#5) is **DENIED** as

moot.

-4-

1    IT IS FURTHER ORDERED that this action is **DISMISSED** for failure to state a claim

2  upon which relief can be granted.  The clerk of the court shall enter judgment accordingly.

3    IT IS FURTHER ORDERED that an appeal from the judgment in this action would be taken

4  in good faith.

5    Dated:  January 3, 2014

6

7    _____

8    ROBERT C. JONES
     Chief United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-