# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DONALD ROBIN BARREN, | |
| Plaintiff, | Case No. 2:13-cv-01492-RCJ-GWF |
| vs. | **ORDER** |
| D. W. NEVEN, et al., | |
| Defendants. | |

This court had dismissed this action under 42 U.S.C. § 1983 without leave to amend. Plaintiff appealed. The court of appeals vacated the dismissal in part with respect to counts 9 and 10 of the original complaint, holding that plaintiff should be given leave to amend to correct the defects of those counts. Plaintiff has submitted an amended complaint (#19). The court has reviewed it, and plaintiff will need to file a second amended complaint to correct defects in his request for relief.

The amended complaint (#19) contains two counts, numbered 1 and 2, which correspond to counts 9 and 10 of the original complaint. Count 1 states a plausible claim that prison officials' denial of access to the prison law library deprived plaintiff of his right of access to the courts, resulting in the dismissal of the appeal in the habeas corpus action Barren v. Skolnik, 2:09-cv-01202-RLH-VCF. Count 2 states a plausible claim that repeated transfers among prisons was retaliation for plaintiff's litigation in Barren v. Skolnik.

///

///

Plaintiff's request for relief still is defective. He asks for:

> Reinstatement of the Plaintiff's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 before the Honorable Ninth Circuit Court of Appeals Case No. 12-17282. Dismissed for lack of Jurisdiction.

Amended Compl., at 9 (#19). Again, plaintiff cannot use a civil rights action under 42 U.S.C. § 1983 to reinstate plaintiff's habeas corpus action or his appeal. Plaintiff needs to file the appropriate motion in Barren v. Skolnik, and the court does not comment on the viability of any such motion. The court will give plaintiff the opportunity to amend his complaint further to allege a claim for monetary damages.

The court denies plaintiff's motion for issuance and service of complaint (#22) because plaintiff needs to file a second amended complaint.

The court denies plaintiff's motion for summary judgment (#20) because defendants have not yet been served and directed to respond to a complaint. Plaintiff needs to file a second amended complaint that corrects the defect in his claim for relief before the court can serve defendants.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment (#20) is **DENIED**.

IT IS FURTHER ORDERED that plaintiff's motion for issuance and service of complaint (#22) is **DENIED**.

IT IS FURTHER ORDERED that the clerk of the court shall change the docket entry for #19 from "NOTICE OF AMENDED COMPLAINT" to "AMENDED COMPLAINT."

IT IS FURTHER ORDERED that the amended complaint (#19) is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend. The clerk shall send to plaintiff a civil rights complaint form with instructions. Plaintiff will have thirty (30) days from the date that this order is entered to submit his amended complaint, if he believes that he can correct the noted deficiencies. Failure to comply with this order will result in the dismissal of this action.

///
///
///
///

IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such by placing the phrase "SECOND AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:13-cv-01492-RCJ-GWF, above the word "AMENDED."

DATED: This 9th day of November, 2015.

_____
ROBERT C. JONES
United States District Judge