**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DONALD ROBIN BARREN, | |
| Plaintiff, | Case No. 2:13-cv-01492-RCJ-GWF |
| vs. | **ORDER** |
| D.W. NEVEN, *et al.*, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to be Excluded from the Inmate Mediation Program (#31), filed on May 3, 2016. Defendant D.W. Neven filed an Opposition (#33) on May 10, 2016.

Plaintiff requests that this case be excluded from the Inmate Mediation Program because Plaintiff is no longer incarcerated at High Desert State Prison. Defendant opposes this request and asserts that the Inmate Mediation Program "is a valuable tool for both sides to evaluate the strengths and weaknesses of the case and potentially settle the dispute without having to go through the expense and effort of discovery and trial." *Opposition (#33), pg. 3, lns. 9–12.* The Court agrees. The fact that Plaintiff is no longer incarcerated has no bearing on whether the parties should participate in the Inmate Mediation Program. Therefore, the Court will deny Plaintiff's request.

Plaintiff's motion also requests that he be appointed counsel for the remainder of this action. There is no constitutional right to the appointment of counsel in civil cases. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent" litigants proceeding in forma pauperis. *Id*. The statute does not require the court to appoint counsel to represent such litigants, but only to request such

representation on a pro bono basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304–05 (1989); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 798–804 (9th Cir. 1986).

A court may only designate counsel pursuant to 28 U.S.C. § 1915(d) in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In determining whether counsel should be appointed, the Court has discretion to consider four relevant factors: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; (3) the meritoriousness of the plaintiff's claim; and (4) the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. *Ivey*, 673 F.2d at 269; *Wilborn*, 789 F.2d at 1331.

Here, Plaintiff has not established that exceptional circumstances exist to justify the appointment of counsel. Plaintiff's motion fails to set forth any reason why he should be afforded counsel. Thus, the Court is unable to consider the relevant factors discussed above and as a result, the Court will deny Plaintiff's request. Plaintiff may re-file a motion for appointment of counsel that provides the Court with sufficient information establishing that exceptional circumstances exist. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to be Excluded from the Inmate Mediation Program (#31) is **denied**.

DATED this 12th day of May, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge